Dykman J.
This is an action for the recovery of $3,000, upon a contract made by the defendant with the husband of the plaintiff, by which the defendant agreed to pay to the plaintiff that sum at his death, upon certain conditions.
In the answer to the comxfiaint, the defendant set up the concealment of certain essential facts and the falsity and untruth of certain statements in the application for membership made to the defendant by the plaintiff’s husband, and those allegations embodied the defense to the action.
The cause was tried at the circuit, and a verdict was rendered for the plaintiff for the full amount of her claim.
The verdict was subsequently set aside by the trial judge upon the minutes, and the plaintiff has appealed from that order.
All the questions respecting the falsity of the statements of the deceased were finally and properly withdrawn from the jury, except the question respecting his urinary organs, and upon that question there was testimony which would justify the verdict made by the jury. It became necessary to *924 determine whether the difficulty was temporary or permanent, and whether it was of sufficient importance to he denominated a disorder or a disease.
All these considerations were presented to the jury hy the charge, and they were accorded the liberty of making a finding upon the facts.
It was the province of the jury to determine the credibility and weight of the testimony and draw all legitimate inferences therefrom, and it is an invasion of the province of the jury to set aside a verdict because the trial judge is led to a different conclusion.
We find in the case evidence sufficient to sustain the verdict, and the order setting aside the verdict should he reversed, with costs, and, the plaintiff should have judgment therein.
Barnard, P. J., and Pratt, J., concur.